ENTERED SERVED ON COUNSEL/PARTIES OF RECORD
AUG - 3 2010
CLERK US DISTRICT COURT DISTRICT OF NEVADA
BY: DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY LEWIS,
Plaintiff,
vs.
J. ALLEN, *et al.*,
Defendants.

3:10-cv-0083-RCJ-VPC

**ORDER**

Plaintiff Anthony Lewis, has submitted a civil rights complaint and upon the court's order, has filed a revised application to proceed in *forma pauperis* (docket #5). Based on the information about plaintiff's financial status, including any additional information plaintiff may have provided, the court finds that plaintiff is NOT able to pay an initial installment payment towards the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments towards the full $350.00 filing fee when he has funds available.

Plaintiff has also filed the following motions: a motion to amend his complaint (docket #9), and amended complaint (docket #10), two motions requesting appointment of counsel, two motions to extend his copywork allowance for purposes of a habeas action (docket # 4 and #12), a motion for preliminary injunction (docket #16) and one for a temporary restraining order (docket #17). He has written several letters to the court complaining of his treatment in prison (dockets #13, #14, and #15).

## I. Preliminary Matters

The court shall deny his various motions as discussed below.

### A. Injunctive Relief

There are two alternate tests, one of which must be met in order to grant a preliminary injunction. The first test requires that a court find (1) the moving party will suffer irreparable injury if

the injunctive relief is not granted; (2) there is a substantial likelihood that the moving party will succeed on the merits; (3) in balancing the equities the nonmoving party will not be harmed more than the moving party is helped; and (4) granting injunctive relief is in the public interest. *Martin v. International Olympic Committee*, 740 F.2d 670, 674-75 (9th Cir.1984). The second test requires the moving party to demonstrate either (1) a combination of probable success on the merits and the possibility of irreparable harm; or (2) that serious questions are raised and the balance of hardship tips sharply in his favor. *Id.* at 675.

Plaintiff's motions for temporary restraining order and preliminary injunction are insufficient to obtain the requested relief. He has not shown a likelihood of success on the merits, merely outlining the facts of his complaint in a more succinct manner. He has not addressed in any fashion the factor of irreparable harm, public interest or the equities to the nonmoving party. Plaintiff also fails to demonstrate that there are serious questions raised in his complaint and does not discuss the balance of hardships. Neither does he identify any new developments or issues that would highlight for the court an urgent or emergent situation.

B. Copywork

The motions for copywork (dockets # 4 and #12) shall be denied because this is not a habeas action and because there is no present need shown by plaintiff for additional copywork funds. He may renew the motion at a later time if he is able to state a specific need.

C. Counsel

The motions for appointment of counsel (dockets # 7 and #8) shall also be denied at this time. A litigant in a civil right action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request

under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the Court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in pro se in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(*citing Wilborn, supra*, 789 F.2d at 1331). The district court has considerable discretion in making these findings.

The Court will not enter an order directing the appointment of counsel. The plaintiff has already demonstrated that he is fully able to litigate this case on his own. He has submitted various documents to the Court, and is perfectly fluent in English. Moreover, none of the issues in this case is particularly complex, which indicates that the plaintiff will be able to litigate this case on his own.

Additionally, plaintiff is advised that the court will not consider requests or notices provided in the form of a letter. If plaintiff has specific claims to make or wishes to present the court with specific requests, he must do so in the form of a motion which, once the complaint has been screened and approved by the court, must also be served upon the defendants.

The amended complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983 is subject to the provisions of 28 U.S.C. § 1915 and the court's review under that statute is discussed below.

**II. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

Dismissal of a complaint or part thereof for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12 (b)(6), and the court will apply the same standard under §1915 when reviewing a complaint or an amended complaint. Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, if it appears to a certainty that a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

An entire complaint or portions thereof filed by a prisoner shall be dismissed *sua sponte* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This includes those that possess legal conclusions that are untenable (e.g., wherein the defendants are immune from suit or claims of infringement of a legal interest which clearly does not exist) as well as those that only contain fanciful factual allegations, (e.g., claims describing fantastic or delusional scenarios). The complaint filed herein is subject to *sua sponte* dismissal prior to service on the named defendants.

**III. Discussion**

Plaintiff brings four claims for relief which are based claims that prison correctional officers have violated his Eighth Amendment rights in various ways. Plaintiff identifies four defendants; three correctional officers, naming them in their individual capacities, and Director of Prisons, Howard Skolnick, who is named in his individual and official capacities. A person cannot be sued in his or her official capacity for money damages. Only injunctive relief is available for

defendants said to be acting in their official capacity. On the other hand, personal capacity suits seek to impose personal liability upon a governmental official for actions taken under the color of state law. *Kentucy v. Graham,* 473 U.S. 159, 165 (1985).

To prevail under section 1983, a plaintiff must demonstrate that he has suffered a violation of rights protected by the constitution or federal statute, caused by the conduct of a person acting under color of state law. *Crumpton v. Gates,* 947 F.2d 1418, 1420 (9th Cir. 1991).

Count One

In count one, plaintiff claims a violation of the Eighth Amendment, assault and slander when defendant Correctional Officer (C/O) J. Allen stated publicly in the presence of other inmates that plaintiff was a snitch and a rat. Plaintiff contends that the defendant took these actions because plaintiff "wrote him up" for another incident.

Allegations that prison officials called a prisoner a "snitch" in the presence of other inmates are sufficient to state a claim of deliberate indifference to an inmate's safety. *See Valandingham v. Bojorquez,*866 F.2d 1134, 1139 (9th Cir.1989). However, the claim maybe rejected if other inmates have not actually taken retaliatory steps against the labeled inmate. *Morgan v. MacDonald,* 41 F.3d 1291, 1293-94 (9th Cir. 1994).

Here, plaintiff complains that the defendant's action caused gang member inmates to want to fight plaintiff. He does not state he has been assaulted, but that there is a threat of harm. This count states a claim under the Eighth Amendment for deliberate indifference to the inmate's safety. Additionally, plaintiff states a claim for retaliation.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham*, 866 F.2d at 1135. To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d

813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Plaintiff may proceed against defendant J. Allen on Count One.

Count Two

Plaintiff advises the court that he has certain medical conditions that require special equipment such as a wheelchair, a strap for his foot-drop and a wrist/hand brace. In this count, plaintiff alleges that his medical equipment was improperly confiscated and withheld by defendant R. East after defendant East conducted an improperly documented cell search. He further alleges that East refused to confirm that the medical equipment was authorized by a doctor's order and that the equipment, with the exception of the wheelchair, has not been returned to him.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." *Estelle v. Gamble*, 429 U.S. at 104-05.

Here, plaintiff states a claim for relief against defendant R. East on a claim of deliberate indifference.

Count Three

In this claim for relief, plaintiff alleges an Eighth Amendment violation of deliberate indifference contending that he has complained "through all the proper channels" to his case worker,

the Assistant Warden and Warden of Lovelock prison and to Director Skolnik that his life is in danger "by 4 different gangs" and the "word spread to a few prisons" and that he has asked for an interstate transfer, but that the transfer has been refused.

Plaintiff's claim is unclear about what or who has acted to cause the gangs to threaten him, but he notes that the threats and the need to defend himself from the gangs has resulted in his being designated a gang member. He further alleges "they blamed a lot on me," but he is unclear as to who "they" are.

As discussed above in count one, the prison officials and employees may be held responsible if they are deliberately indifferent to a substantial risk of harm to an inmate. This count will need to be amended to describe more clearly the risk of harm or injury that plaintiff faces, who he believes is responsible for that risk - the "they" in this claim and what "they" have done to cause the risk of harm.

Count Four

In this claim for relief, plaintiff describes events which resulted in plaintiff being "grabbed from behind and thrown out of [his] wheelchair by defendant D. Patterson, who, along with other correctional officers then restrained him on the ground using excessive force and causing injury.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been

thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force. *Id.* at 9-10.

Here plaintiff alleges that he complied with everything "they told me to do," but despite his cooperation the defendant put his knee in plaintiff's back, grabbed his legs, pulling them up against his buttocks, all causing plaintiff to suffer pain and injury to his face and lip. Plaintiff alleges that because of his physical disability the level of force was unnecessary and excessive.

Plaintiff has stated a claim of excessive force against defendant Patterson.

## III. Conclusion

Plaintiff shall be permitted to proceed in *forma pauperis* without prepaying a filing fee. His various motions shall be denied at this time. He shall be permitted to proceed as to counts one, two, and four as to the defendants specifically named in those counts and identified as defendants, e.g. count one - defendant J. Allen, count two - defendant R. East; count four - defendant D. Patterson. Count three shall be dismissed without prejudice and with leave to amend in conformance with this order.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed *in Forma Pauperis* (docket #5) is **GRANTED**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #96337), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. The clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** the plaintiff's motion to amend/correct complaint (docket #9) is **granted**.

**IT IS FURTHER ORDERED** that count one of the amended complaint shall proceed against defendant correctional officer J. Allen on a claim of deliberate indifference and a claim of retaliation, count two shall proceed against defendant correctional officer R. East on a claim of denied medical care, and count four shall proceed against defendant correctional officer D. Patterson on a claim of excessive force.

**IT IS FURTHER ORDERED** that count three is dismissed with leave to amend in conformance with the instructions provided in this order.

**IT IS FURTHER ORDERED** that plaintiff shall file his "Second Amended Complaint" within thirty days of the date of this order. Failure to amend will result in the matter proceeding as to the counts allowed in this order.

**IT IS FURTHER ORDERED** that all pending motions (dockets # 4, 7, 8, 12, 16, and 17) are **DENIED** as discussed herein.

DATED this 3rd day of August, 2010.

UNITED STATES DISTRICT JUDGE