# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTHONY LEWIS, | ) | 3:10-cv-0083-RCJ (WGC) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| J. ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 12, 2011, defendants filed a partial motion to dismiss counts II and IV of plaintiff's complaint (#62 & #64 errata) for failure to exhaust administrative remedies.[1] Plaintiff has opposed (#64), and defendants have replied (#67).

Defendants argue that plaintiff failed to exhaust his administrative remedies, and as a result these claims should be dismissed without prejudice (#62.) Throughout their motion, defendants refer to numerous grievances filed by plaintiff, but failed to file any of the actual grievances and prison responses. While defendants did file the Nevada Offender Tracking and Information System (NOTIS) report which contains a *summary* of all grievances filed by plaintiff for the relevant time period, this does not allow the court to review all of the information contained in the actual grievances. *See* #64 Exs. A & B. *See e.g.,* Fed. R. Civ. P. 56(c)(4), (e); Fed. R. Evid. 901, *et. seq.; see also Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) (proper foundation must be laid for evidence supporting motion for summary judgment, and documents must be authenticated and attached to a declaration of someone who has personal knowledge); *Citizens for Better Forestry v. U.S. Dept. of Agriculture*, 341 F.3d 961,

---

[1] Refers to court's docket number.

1  972 n. 7 (9th Cir. 2003) (failure to satisfy authentication requirements justifies disregard of documents
2  by court when reviewing the motion).²

3      The PLRA provides that "[n]o action shall be brought with respect to prison conditions under
4  section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other
5  correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §
6  1997e(a). The failure to exhaust administrative remedies is treated as a matter in abatement and is
7  properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th
8  Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative remedies is an
9  affirmative defense, and **defendants bear the burden of raising and proving failure to exhaust**. *Id.*
10 A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide
11 disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza*
12 *v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)).

13      The failure to abide by the Federal Rules of Evidence is a challenge on limited judicial resources.
14 Defendants' counsel is cautioned to observe the rules by providing properly authenticated evidence upon
15 which they rely in all future filings with the court. Defendants shall have up to and including **Thursday,**
16 **November 17, 2011,** to file a supplement to their motion which includes: (1) properly authenticated
17 documentary evidence related to grievance numbers 2006-27-89728, 2006-28-93593 and 2006-28-
18 93595; and (2) properly authenticated grievance documents, for each level of review, along with all
19 prison responses, for every other grievance referenced in defendants' motion to dismiss. Defendants are
20 / / /
21 / / /
22 / / /

---

25    ²While a motion to dismiss for failure to exhaust administrative remedies is properly raised in an unenumerated
26 12(b)(6) motion and not a motion for summary judgment, *Wyatt*, 315 F.3d at 1119 (citations omitted), the court may still look beyond the pleadings and the evidentiary requirements should still apply. *See Wyatt*, 315 F.3d at 1120, n. 15 (finding
27 defendants did not meet their burden to establish failure to exhaust because documents submitted did not permit appellate court to determine whether it was a complete record of the plaintiff's grievance history).

28                             2

cautioned that a failure to comply with this order will result in a report and recommendation that the motion to dismiss be denied for failure to meet the burden of proving the exhaustion affirmative defense.

**IT IS SO ORDERED**.

DATED: November 9, 2011.

_____
UNITED STATES MAGISTRATE JUDGE