**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

ANTHONY LEWIS,                         )
                                       )
            Plaintiff,                 )       3:10-cv-00083-RCJ-VPC
                                       )
      v.                               )       **REPORT AND RECOMMENDATION**
                                       )       **OF U.S. MAGISTRATE JUDGE**
                                       )
J. ALLEN, ET AL.,                      )
                                       )       December 2, 2011
            Defendants.                )
_____)

      This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United

States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28

U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for a temporary

restraining order and/or preliminary injunction, which plaintiff styled as a "motion for plaintiff to

be transferred" (#65).[1]  Defendants opposed (#68) and plaintiff replied (#72).[2]  After a thorough

review of the record, the court recommends that plaintiff's motion for a temporary restraining order

and/or preliminary injunction (#65) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

      Plaintiff Anthony Lewis ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State

Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#10).  However,

the allegations set forth in plaintiff's complaint pertain to events which occurred while he was an

inmate at Lovelock Correctional Center ("LCC") and Northern Nevada Correctional Center

("NNCC").  *Id.*  Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, alleging

violations of the First and Eighth Amendments.  *Id.*  Pursuant to 28 U.S.C. § 1915A, the court

---

      [1]      Refers to the court's docket number.

      [2]      Plaintiff's motion for a temporary restraining order was fully briefed pursuant to Local Rule
7-2.  Nevertheless, plaintiff subsequently filed a document styled, "opposition to defendant's opposition for
plaintiff's motion to court for transfer"(#88), without requesting permission from the court.  Filing additional
oppositions to a motion without the court's leave is not provided for under Local Rule 7-2(b) and the court
will only consider plaintiff's first reply.

screened the complaint and permitted the following claims to proceed: (1) count I - Eighth Amendment deliberate indifference and retaliation claims against defendant Allen; (2) count II - Eighth Amendment deliberate indifference claim against defendant East; and (3) count IV - Eighth Amendment excessive force claim against defendant Patterson (#21).

In count I, plaintiff alleges defendant Allen violated plaintiff's Eighth Amendment rights when he stated publicly that plaintiff was "a snitch and a rat," thus creating a threat of harm against plaintiff (#10, p. 4). Additionally, plaintiff claims defendant Allen did this in retaliation against plaintiff because plaintiff "wrote him up" for another incident. *Id*.

In count II, plaintiff alleges that on October 6, 2008, defendant East confiscated plaintiff's medical equipment, including a wheelchair, hand brace, and boots, which plaintiff argues was in deliberate indifference to plaintiff's serious medical need. *Id*. at 5. Plaintiff claims defendant East refused to confirm that a doctor's order authorized the medical equipment and that the equipment, with the exception of the wheelchair, has not been returned to plaintiff. *Id*.

In count IV, plaintiff alleges that on February 26, 2010, defendant Patterson used excessive force when he grabbed plaintiff from behind and threw him out of his wheelchair, causing injuries to plaintiff's head, lip, face, and hands. *Id*. at 7. Plaintiff claims defendant Patterson restrained plaintiff to the ground and used excessive force. *Id*.

Plaintiff filed an earlier motion for injunctive relief on July 19, 2010, which the court denied, stating:

> [Plaintiff] has not addressed in any fashion the factor of irreparable harm, public interest or the equities to the nonmoving party. Plaintiff also fails to demonstrate that there are serious questions raised in his complaint and does not discuss the balance of hardships. Neither does he identify any new developments or issues that would highlight for the court an urgent or emergent situation.

(#21, p. 2). Plaintiff filed the present motion for injunctive relief on May 16, 2011 (#65). In his motion, plaintiff now asks to be transferred from ESP, which the court will analyze as a motion for a temporary restraining order and/or preliminary injunction. *Id*. Plaintiff alleges the following: (1) a senior officer and a correctional officer threatened to kill plaintiff on two separate occasions; (2) a correctional officer threatened to flip plaintiff out of his wheelchair; (3) plaintiff reported and

grieved these incidents but the prison failed to act and has not returned some of his grievances; (4) officers abused plaintiff physically and verbally, and harassed plaintiff; (5) plaintiff's wrist was intentionally cut by handcuffs and his shackles were "slapped across [his] ankle bones"; (6) medical and mental health officials violated HIPAA laws by discussing plaintiff's medical history with security staff; (7) plaintiff fears for his safety and nobody will listen to him or help him; (8) after being discharged from a mental health unit, the prison denied plaintiff his clothes and wheelchair because he was in a suicide cell; (9) plaintiff told his caseworker that it was deliberate indifference to his safety, a conflict of interest, and an act of retaliation to move him back to the same unit in which he had problems; (10) plaintiff requested that Lieutenant Bryant move him to a different unit where he would feel safe, but Lieutenant Bryant denied his request; and (11) on May 10, 2011, Lieutenant Bryant and several officers hit plaintiff with a shield and attacked him (#65, pp. 1-2).

Defendants oppose plaintiff's motion and contend that plaintiff's allegations "have absolutely nothing whatsoever to do with his claims in this suit" (#68, p. 3). Defendants further claim that even if his allegations were related to the pending lawsuit, plaintiff fails to address or demonstrate that he meets any of the requirements necessary to obtain injunctive relief. *Id*. at 5. Defendants argue plaintiff fails to show he is likely to suffer irreparable harm because he "does nothing more than merely allege that he fears for his safety at ESP." *Id*. Defendants also assert that plaintiff fails to show that he is likely to succeed on the merits of his claims because plaintiff's motion for injunctive relief is unrelated to the claims in the present suit. *Id*. at 6. Lastly, defendants assert that the balance of equities and the public interest favor defendants because the Supreme Court has cautioned the courts not to interfere with the day-to-day operations of prisons, such as the placement of inmates in particular facilities. *Id*. at 7 (citing *Turner v. Safley*, 482 U.S. 78 (1987)). Defendants attach an authenticated copy of plaintiff's institutional disciplinary history in support of their contention that NDOC housed plaintiff at ESP due to his own conduct (#68, Ex. A).

In his reply, plaintiff claims correctional officers at ESP have been known to kill inmates (#72, p. 1). He further argues he has been threatened and harmed. *Id*. Plaintiff complains about medical services at the prison and argues that the prison does not meet standards for

handicapped individuals. *Id.* Plaintiff contends that he should not have been charged with disciplinary sanctions and discusses recent incidents of alleged excessive force against plaintiff by unnamed officers. *Id.* at 2. Plaintiff further complains that the prison denied him use of a telephone for legal purposes. *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

A.   **Discussion**

   1.   **Temporary Restraining Order Legal Standard**

A temporary restraining order is available when the applicant may suffer irreparable injury before the court can hear the application for a preliminary injunction. *See* Fed. R. Civ. P. 65(b); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2951 (3d. 1998). Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. *See New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n. 2 (1977); *Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981).

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 17 (2008) (citation and quotation omitted). The instant motion requires the court to determine whether plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 17 (citations omitted).

1    Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for

2   issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one

3   factor with the strength of another.  *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d. 1045, 1049-

4   50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005).  In *Winter*,

5   the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-

6   scale approach to preliminary injunctions.  *See Winter*, 555 U.S. 7 at 51 (Ginsburg, J., dissenting)

7   ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief

8   based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has

9   never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d.

10   at 1131.  In light of the *Winter* decision, however, the Ninth Circuit determined that the Circuit's

11   sliding-scale approach, or "serious questions" test "survives . . . when applied as part of the four-

12   element *Winter* test."  *Alliance*, 632 F.3d. at 1131-32.  "In other words, 'serious questions going to

13   the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an

14   injunction, assuming the other two elements of the *Winter* test are also met."  *Id*.  The portion of

15   the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to the likelihood,

16   of irreparable injury to the plaintiff, was expressly overruled by *Winter.  Stormans, Inc. v. Selecky*,

17   586 F.3d 1109, 1127 (9th Cir. 2009).

18    An even more stringent standard is applied where mandatory, as opposed to prohibitory

19   preliminary relief is sought.  The Ninth Circuit has noted that although the same general principles

20   inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well

21   beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing

22   a preliminary injunction."  *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.

23   1984).  Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and

24   the law clearly favor the moving party and extreme or very serious damage will result.  *See*

25   *Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979).  "[I]n doubtful cases" a mandatory

26   injunction will not issue.  *Id*.

27    Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must

satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

5

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).  Thus, Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates.  *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore*, 220 F.3d at 999.

**B.    Analysis**

Plaintiff asks the court for injunctive relief from conduct which is unrelated to the present lawsuit.  The Supreme Court has held that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally."  *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945).  A court may not issue an injunction in "a matter lying wholly outside the issues in the suit."  *Id*.  A court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983).  Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

 Courts use injunctive relief to address issues related to the underlying violations presented in the complaint.  Plaintiff's pending lawsuit includes the following claims: (1) defendant Allen violated plaintiff's Eighth Amendment rights when he stated publicly that plaintiff was "a snitch and a rat," and that defendant Allen did this in retaliation against plaintiff; (2) defendant East confiscated plaintiff's medical equipment in deliberate indifference to plaintiff's medical need; (3) and defendant Patterson used excessive force when he grabbed plaintiff from behind and threw him out of his wheelchair on February 26, 2010 (#10).  In his motion for injunctive relief, plaintiff does

1   not allege that any of the defendants have caused him to fear for his safety because of their alleged

2   constitutional violations, requiring a transfer to another institution (#65).  The only individual

3   plaintiff names in his motion is Lieutenant Bryant, who is not named in the pending action.

4          Plaintiff does not link the conduct in this motion to the conduct in the present lawsuit.  In

5   his motion for injunctive relief, plaintiff complains of threats, being cut by handcuffs, violations

6   related to disclosure of his medical history, being held in a "suicide cell," and an alleged incident

7   of violence which occurred on May 10, 2011.  *Id*.  Further, the alleged conduct in plaintiff's present

8   lawsuit occurred at LCC and NNCC and he now asks to be transferred from ESP.  New, unrelated

9   complaints are properly lodged using the prison grievance system, and if they remain unresolved,

10  by filing a new action.  The court does not have jurisdiction to decide plaintiff's motion for

11  injunctive relief as his motion alleges different claims than the claims in his complaint, and does

12  not involve the defendants in the present lawsuit.

13         Due to these procedural deficiencies, the court will not undertake a full analysis of plaintiff's

14  request for injunctive relief.  However, plaintiff does not satisfy the requirements for injunctive

15  relief, nor does he attempt to meet the standard for the granting of injunctive relief.  The court notes

16  that plaintiff does not demonstrate that he is likely to suffer irreparable harm related to his

17  underlying claims if the court does not intervene.  Plaintiff has not shown he is likely to succeed

18  on the merits of his underlying claims because he offers no evidence in his motion to substantiate

19  his claims against defendants Allen, East, and Patterson.  Plaintiff's motion does not warrant

20  interference with NDOC's internal processes.  Therefore, the balance of equities does not favor

21  issuance of an injunction.  Finally, ordering NDOC to transfer plaintiff from the state's only

22  maximum security facility to another facility is not in the public interest because the court is not in

23  a position to decide security decisions in prisons.  *See Turner*, 482 U.S. at 89 (holding that the

24  courts should not subject security-related judgments of prison officials to strict scrutiny).

25         The court recommends that plaintiff's motion for a injunctive relief (#65) be denied because

26  the allegations in the motion are not related to the allegations in plaintiff's present lawsuit.

27  Furthermore, plaintiff did not demonstrate that he is likely to succeed on the merits, that he is likely

    to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in his

favor, or that an injunction is in the public interest.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that plaintiff's motion for a temporary restraining order and/or preliminary injunction (#65) be **DENIED**. The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a temporary restraining order and/or preliminary injunction (#65) be **DENIED**.

**DATED:** December 2,  2011.

_____
**UNITED STATES MAGISTRATE JUDGE**