**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ANTHONY J. LEWIS,

Plaintiff,

v.

J. ALLEN, *et al.*,

Defendants.

3:10-cv-00083-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

December 15, 2011

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' partial motion to dismiss[1] counts II and IV of plaintiff's amended complaint (#62 and #64 (errata)).[2] Plaintiff opposed (#66) and defendants replied (#67). Plaintiff then filed several oppositions without leave of the court, which the court treats as supplemental oppositions (#70, #71, #83, #89, #106).[3] The court has thoroughly reviewed the record and recommends that defendants' partial motion to dismiss counts II and IV (#62/64) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Anthony Lewis ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State

---

[1] Defendants filed an errata (#64) to their motion with exhibits in support of their motion. Further, pursuant to this court's minute order (#117), defendants supplemented their motion to dismiss with properly authenticated documents (#118) that pertain to only the specific grievances at issue in their motion to dismiss. Plaintiff filed a supplemental opposition (#120) and defendants filed a sur-reply (#121).

[2] Refers to the court's docket number.

[3] Plaintiff filed additional filings, which the court will not consider (#70, #71, #83, #89, #106). Filing additional oppositions to a motion without the court's leave is not allowed under Local Rule 7-2(b), and the court only considers plaintiff's first opposition (#66). Moreover, the court's review of the additional oppositions filed reveals that plaintiff does not offer new or relevant information regarding exhaustion of his administrative remedies in counts II and IV. Plaintiff is advised that future duplicative filings will be stricken *sua sponte* from the record. The court granted defendants' motions to strike docket numbers 83 and 89 in a minute order (#109).

Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#10). Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, alleging four claims for relief based on violations of his Eighth Amendment rights. *Id*. Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted certain claims to proceed (#21).[4] The claims which are the subject of this motion are: (1) Count II - Eighth Amendment claim for deliberate indifference to a serious medical need against defendant East, and (2) Count IV - Eighth Amendment claim for excessive force against defendant Patterson (#10).

In count II, plaintiff alleges that on October 6, 2008, defendant East confiscated plaintiff's medical equipment, including a wheelchair, hand brace, and boots, which plaintiff argues was in deliberate indifference to plaintiff's serious medical need. *Id*. at 5. Plaintiff claims defendant East refused to confirm that a doctor's order authorized the medical equipment and that the equipment, with the exception of the wheelchair, has not been returned to plaintiff. *Id*.

In count IV, plaintiff alleges that on February 26, 2010, defendant Patterson used excessive force when he grabbed plaintiff from behind and threw him out of his wheelchair, causing injuries to plaintiff's head, lip, face, and hands. *Id*. at 7. Plaintiff claims defendant Patterson restrained plaintiff to the ground and used excessive force. *Id*.

Defendants East and Patterson ("defendants") move to dismiss counts II and IV of plaintiff's complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740 (#62). Defendants argue that while plaintiff is fully aware of AR 740's requirements for proper exhaustion, he did not file formal grievances related to Counts II or IV. *Id*. at pp. 4-5. To support these assertions, defendants attach two authenticated versions of AR 740 and plaintiff's inmate issue history from August 2007 through the present (#64, Exs. A, B; #104-1, Exs. A, B, C).[5] Pursuant to this court's minute order (#117),

---

[4] The court allowed the following claims to proceed: (1): Count 1 - deliberate indifference and retaliation claims against defendant Allen, (2): Count II - deliberate indifference to a serious medical need against defendant East, and (3): Count IV - excessive force against defendant Patterson (#21).

[5] After the court issued a minute order (#103), defendants supplemented their motion to dismiss with authenticated versions of Administrative Regulations ("AR") 740 for the time period in question (#104-1). Defendants attach AR 740, effective January 1, 2004, which applied during the time period

which offered defendants the opportunity to properly authenticate certain grievances, defendants filed a supplement containing properly authenticated copies of actual grievances for: (1) 2006-27-89728; (2) 2006-28-93593; and (3) 2006-28-93595 (#118).

Defendants argue plaintiff failed to exhaust his administrative remedies with respect to count II (#62, p. 4). Defendants claim the only grievance related to count II is grievance 2006-27-89728, which plaintiff did not grieve to the formal level (#118, Ex. A, p. 0163).[6] Defendants further argue plaintiff failed to fully grieve his count IV excessive force claim because when plaintiff filed grievance 2006-28-93593, NDOC rejected it because it contained two different handwritten signatures. *Id*. at Ex. B. Plaintiff also filed grievance 2006-28-93595 related to count IV, which was denied at the informal level. *Id*. at 0818. Plaintiff then attempted to file a first level grievance which again contained another inmate's handwritten signature and was also rejected. *Id*. Defendants maintain plaintiff never filed a proper first or second level grievance related to count IV (#62, p. 5). The court reviewed plaintiff's inmate grievance history and found the following relevant grievances:

> (1) 2006-27-89728: Informal level grievance regarding defendant East taking plaintiff's medical equipment. NDOC responded that the grievance was resolved and plaintiff would take care of the issue with the medical department (#118, Ex. A). Plaintiff did not file a first level grievance. *Id*.
>
> (2) 2006-28-93593: Informal level grievance regarding defendant Patterson's alleged use of excessive force on February 26, 2010, against plaintiff. NDOC responded that the matter was referred for investigation and that plaintiff may continue with the appeals process pursuant to AR 740. *Id*. at Ex. B, p. 0755. Plaintiff attempted to file a first level grievance but NDOC rejected it because it contained two different handwritten signatures. *Id*. Plaintiff did not file a proper first level grievance.
>
> (3) 2006-28-93595: Informal level grievance regarding defendant Patterson's use of excessive force against plaintiff. NDOC denied the grievance because it contained two different handwritten signatures. *Id*. at 0810. Plaintiff attempted to file a first level grievance but NDOC rejected it due to handwriting discrepancies. *Id*. Plaintiff did not file a proper first level grievance.

Plaintiff opposes defendants' claims and argues he "went through the right procedure [and]

---

relevant to count II (#104-1, Ex. B). Defendants also attach AR 740, effective February 12, 2010, which applied during the time period relevant to count IV (#104-1, Ex. C).

[6] The page number refers to the number at the bottom of the exhibit page.

knew from experience that [he] couldn't go any further" (#66, p. 2). Regarding count II, plaintiff admits that he signed grievance number 2006-27-89728 at the informal level, but argues he only did so because he was "tricked into resolving a grievance that was reall[y] not resolved." *Id*. Regarding count IV, plaintiff defends his rejected grievance and argues prison staff told him that he could not grieve any further. *Id.* at 1. He also argues that because he could not grieve further, he appealed his disciplinary appeal instead of appealing his grievances. *Id.* at 2. He claims he did not resubmit his rejected grievances because they would have been untimely. *Id*. at 1. To support his arguments, plaintiff lists several grievance numbers and attaches seventeen pages of unauthenticated inmate grievance forms. *Id*.

In their reply, defendants maintain that plaintiff failed to exhaust his administrative remedies for counts II and IV (#67). Defendants indicate that plaintiff has an extensive grievance history which includes some fully exhausted claims; therefore, he knows how to exhaust his administrative remedies. *Id*. at 2. Defendants argue with respect to count II that plaintiff's argument that he was tricked into resolving a grievance is without merit, and that plaintiff is responsible for knowing the procedures in AR 740. *Id*. With respect to count IV, defendants argue that the PLRA supersedes the "futility exception" and that NDOC told plaintiff he "may continue with the appeal process" (#118, Ex. B, p. 0755). Finally, defendants assert that none of the grievances plaintiff attaches to his opposition shows he properly exhausted his administrative remedies (#67, p. 5). The court's review of these materials confirms that defendants possess only informal level grievances for counts II and IV.

The court notes that the plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement, and defendants bear the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert. denied*, 540 U.S. 810 (2003). Inmates are not required to specifically plead or demonstrate exhaustion in their complaints; rather, it is the defendant's responsibility to raise the issue in a responsive pleading. *Jones*, 549 U.S. at 216.

Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119. The court may look beyond the pleadings to decide disputed issues of fact without converting the motion into one for summary judgment; however, "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20*, as noted in O' Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Rizta v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.").

#### 1. Prison Litigation Reform Act of 1996

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court

has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (emphasis in original). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle,* 534 U.S. at 524-25. *See Wyatt*, 315 F.3d at 1112.

**2. NDOC Procedures**

"Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

The NDOC grievance procedure is governed by AR 740 (#104-1, Exs. B, C). Defendants supplemented their motion with two relevant versions of AR 740, which were in effect at the time plaintiff filed grievances related to counts II and IV. *Id.* For plaintiff to exhaust available remedies at the time of his injury, AR 740 requires the following: (1) an informal review level, which "shall be reviewed and responded to by the inmate assigned caseworker" in consultation with other appropriate staff; (2) a first level formal grievance, which "shall be reviewed and responded to by the Warden;" and (3) a second level grievance, which "shall be reviewed and responded to by either the Assistant Director of Operations, Assistant Director of Support Services, Offender Management Administrator, Medical Director, or Correctional Programs Administrator." (#104-1, Ex. B, p. 10; Ex. C, pp. 4, 6, 7).

Once received, NDOC logs informal grievances into a tracking system (#104-1, Ex. B, p. 13). The caseworker assigned to the grievance will provide the inmate with a response within twenty-five days, unless more time is required to conduct further investigation. *Id.* at 12. According to AR 740, effective in 2010, the caseworker will provide the inmate with a response within forty-five days (#104-1, Ex. C, p. 6). If the inmate is not satisfied by NDOC's response to his informal grievance, he may appeal the decision within five days by filing a first level grievance (#104-1, Ex. B, p. 12; Ex. C, p. 6). NDOC will provide a response within twenty days of receipt of the first level grievance

(#104-1, Ex. B, p. 12). According to AR 740, effective in 2010, NDOC will provide a response within forty-five days of receipt of the first level grievance (#104-1, Ex. C, p. 7). Finally, if the inmate is not satisfied with the first level grievance outcome, he may file a second level grievance, to which the NDOC will respond within twenty days (#104-1, Ex. B, p. 12). According to AR 740, effective in 2010, he may file a second level grievance, to which the NDOC will respond within sixty days (#104-1, Ex. C, p. 7). Upon completion of the grievance process, inmates may pursue civil rights litigation in federal court.

**B. Analysis**

**1. Plaintiff's Exhaustion of Count II**

Defendants argue count II of plaintiff's complaint must be dismissed as a result of plaintiff's failure to exhaust his administrative remedies (#62, p. 4). Defendants contend the only grievance plaintiff filed related to count II is grievance 2006-27-89728, which he never grieved to the formal level (#118, Ex. A). NDOC responded to plaintiff's informal level grievance 2006-27-89728 stating "grievance resolved inmate will take care of issue with the Medical Dept.," and plaintiff did not file a formal level grievance or initiate a new grievance related to this issue. *Id*. at 0163.

Plaintiff asserts that he signed the grievance form because he thought he would receive his medical equipment back (#66, p. 2). However, he claims that he did not receive his equipment back. *Id*. He argues he "was tricked into resolving a grievance that was really not resolved." *Id*.

Defendants submit the declaration of Ms. Lorin Taylor, who performed a search of NDOC's records for the time period from August of 2007 until the present, revealing that plaintiff did not fully exhaust his administrative remedies with respect to an alleged deliberate indifference when defendant East took plaintiff's medical equipment (#64, Ex. A, pp. 1-2).

While plaintiff might have believed his grievance was resolved, he should have filed a first level grievance or a new grievance when he did not receive his medical equipment. In contrast to *Harvey v. Jordan*, where plaintiff requested and received relief, in the present case, plaintiff did not receive the requested relief. 605 F.3d 681, 685 (9th Cir. 2010) (claim exhausted where inmate requested relief and received it, despite the fact that he did not further appeal the "partial" grant of relief). Because plaintiff could have appealed to the first level and pertinent relief remained

available, plaintiff did not exhaust his administrative remedies with respect to count II. Defendants' motion to dismiss count II should be granted.

**2. Plaintiff's Exhaustion of Count IV**

Defendants argue count IV of plaintiff's complaint must be dismissed as a result of plaintiff's failure to exhaust his administrative remedies (#62, p. 5). They state that plaintiff filed two grievances related to count IV: (1) 2006-28-93593, and (2) 2006-28-93595. *Id*. First, plaintiff filed 2006-28-93593 alleging defendant Patterson used excessive force against plaintiff (#118, Ex. B, p. 0755. ). However, NDOC rejected plaintiff's first level grievance because it contained two different handwritten signatures. *Id*. Plaintiff also filed 2006-28-93595, alleging defendant Patterson assaulted plaintiff. *Id.* at 0810. Again, NDOC rejected plaintiff's first level grievance pending an investigation, due to discrepancies in the handwriting and signatures. *Id.*

Plaintiff asserts the prison told him he could not grieve further (#66, p. 1). He argues he did not resubmit his rejected grievances because they would have been untimely. *Id*. Plaintiff claims he "knew from experience" that he could not grieve further. *Id*. at 2. Plaintiff lists four grievances in his opposition which he alleges relate to count IV: (1) 2006-28-93595; (2) 2006-28-93593; (3) 2006-28-99994; and (4) 2006-28-98321. *Id*. at 1. Further, in his supplemental opposition, filed pursuant to this court's minute order, plaintiff argues that he exhausted his administrative remedies for count IV in grievance number 2006-29-02188 (#120). Plaintiff attaches an authenticated copy of this grievance. *Id*. at 3-10.

Defendants submit the declaration of Ms. Lorin Taylor, who performed a search of NDOC's records for the time period from August of 2007 until the present, revealing that plaintiff did not fully exhaust his administrative remedies with respect to an alleged claim of excessive force against defendant Patterson (#64, Ex. A, p. 1-2). Plaintiff never filed first level formal grievances with respect to grievances 2006-28-93595, and 2006-28-93593 (#118, Ex. B). The court's review of grievance number 2006-29-02188, which plaintiff attaches to his supplemental opposition, reveals that plaintiff filed informal grievance 2006-29-02188 on September 2, 2010, after the filing of this lawsuit (#120, p. 6). Thus, plaintiff did not exhaust grievance 2006-29-02188 before filing this

lawsuit, as is required by the PLRA.

Defendants maintain that while plaintiff alleges that prison staff told him he could not grieve count IV further, the NDOC responded to plaintiff's grievance stating that "per AR 740, you may continue with the appeals process." *Id.* at 0755. Defendants contend that plaintiff filed two improper first level grievances in 2006-28-93595 and 2006-28-93593, and he could have cured the defects in either of these grievances by filing proper first level grievances (#67, p. 4). Defendants argue that the PLRA supersedes the "futility exception" and that proper exhaustion is required. *Id.* at 3.

Plaintiff's arguments that he is somehow excused from the exhaustion requirement and that he could not grieve further are unconvincing. The Ninth Circuit discussed possible exceptions to the PLRA's exhaustion requirement in *Nunez v. Duncan*, 591 F.3d 1217 (9th Cir. 2010). These include: the unavailability of administrative procedures, obstruction of attempts to exhaust, and preventing exhaustion by failing to follow grievance procedures. *Id.* None of these exceptions applies here. Plaintiff has not argued that the grievance system was unavailable to him. He does not argue that NDOC officials obstructed his attempts to exhaust, nor does he assert that he was prevented from exhausting because grievance procedures were not followed. Plaintiff has failed to assert any recognized exception to the exhaustion requirement. Further, a prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *See Wyatt*, 315 F.3d at 1119. Plaintiff concedes that he did not exhaust by stating that he "couldn't go any further" (#66, p. 2). The court recommends that defendants' motion to dismiss count IV be granted because plaintiff failed to exhaust his administrative remedies.

## III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants have met their burden of proving that plaintiff failed to exhaust administrative remedies with respect to counts II and IV. The court recommends that defendants' motion to dismiss counts II and IV be **GRANTED** (#62/64) and that counts II and IV of plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' partial motion to dismiss counts II and IV be **GRANTED** (#62/64).

**IT IS FURTHER RECOMMENDED** that counts II and IV be **DISMISSED WITHOUT PREJUDICE**.

**DATED**: December 15, 2011.

Valerie P. Cooke

**UNITED STATES MAGISTRATE JUDGE**