UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY LEWIS

      Plaintiff,

v.

J. ALLEN, *et. al.*,

      Defendants.

3:10-cv-00083-RCJ-VPC

**REPORT AND RECOMMENDATION**
**OF U.S. MAGISTRATE JUDGE**

April 11, 2012

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for summary judgment (#90).[1] Defendants opposed (#140)[2] and plaintiff replied (#141). In his motion for summary judgment, plaintiff also requests preliminary injunctive relief (#90, p. 4). The court has thoroughly reviewed the record and recommends that plaintiff's motion for summary judgment and plaintiff's request for preliminary injunctive relief be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Anthony Lewis ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#10). The events giving rise to plaintiff's complaint occurred while he was incarcerated at Lovelock Correctional Center ("LCC") and Northern Nevada Correctional Center ("NNCC"). *Id.* Plaintiff brings his amended complaint pursuant to 42 U.S.C. § 1983, alleging four claims for relief based on

---

[1] Refers to the court's docket number. Plaintiff also filed an errata to his motion (#91); however, the document does not relate to plaintiff's remaining claim.

[2] The court granted defendants' motion for stay of plaintiff's motion for summary judgment until after the court's ruling on defendants' partial motion to dismiss (#101).

Case 3:10-cv-00083-RCJ-VPC   Document 143   Filed 04/11/12   Page 2 of 10

violations of his Eighth Amendment rights. *Id.* Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and permitted certain claims to proceed (#21).[3] Following the court's screening of plaintiff's complaint (#21), and this court's ruling on defendants' partial motion to dismiss (#122), the sole remaining claim alleges deliberate indifference and retaliation against LCC correctional officer J. Allen ("defendant").

In count I, plaintiff alleges an Eighth Amendment deliberate indifference claim when defendant Allen stated that plaintiff was a snitch and a rat in the presence of other inmates (#10, p. 4). Plaintiff contends that defendant Allen did this in retaliation against plaintiff because plaintiff "wrote him up" for another incident. *Id.*

Plaintiff filed the instant motion for summary judgment (#90) on all remaining claims.[4] Plaintiff restates the allegations made in his complaint. Plaintiff attaches grievances and inmate request forms to his motion which relate to count I. *Id.* at 9-44.

In opposition, defendants argue that plaintiff has not met his burden of showing that no genuine issues of material fact exist as to his claims against defendant Allen (#140). Defendants assert that plaintiff "merely makes factual assertions" that defendant Allen violated his First and Eighth Amendment rights *Id.* at 4.

In reply, plaintiff alleges that an inmate attacked him after defendant Allen called him a snitch and a rat (#141, p. 1).[5] Plaintiff restates his allegation that defendant Allen did this because plaintiff "wrote him up" for another incident. *Id.*

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the

---

[3] The court allowed the following claims to proceed: (1) count I deliberate indifference and retaliation against defendant Allen; (2) count II deliberate indifference to a serious medical need against defendant East; and (3) count IV excessive force against defendant Patterson (#21).

[4] In his motion for summary judgment, plaintiff discusses claims which this court previously dismissed. However, the court only addresses plaintiff's arguments related to count I.

[5] The court only considers the facts alleged in plaintiff's complaint. Defendants did not consent to litigation of issues outside the original pleadings and plaintiff did not amend his complaint. *See* Fed.R.Civ.P. 15.

benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

#### 1. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.     Analysis**

**1.     Eight Amendment Deliberate Indifference**

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." *Id.* at 834. The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is "objectively, sufficiently serious," and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. *Id.* at 834; *see also Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). Thus, "there is both an objective and subjective component to an actionable Eighth Amendment violation." *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

The objective standard requires that "the deprivation alleged must be 'sufficiently serious.'" *Id.* at 834 (*quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "What is necessary to show sufficient harm for the purposes of the Cruel and Unusual Punishment Clause depends on the claim at issue." *Hudson*, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.*

The subjective standard of deliberate indifference requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The requisite state of mind lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other." *Id.* at 836. Mere negligence on the part of prison staff is not sufficient to prove deliberate indifference. *Id.* Essentially, acting or failing to act with deliberate indifference is "the equivalent of recklessly disregarding" a substantial risk of serious harm to the inmate. *Id.*

To prove deliberate indifference, the plaintiff must show that the prison official knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

4

Whether a prison official had the requisite state of mind is a question of fact, "subject to demonstration in usual ways, including inference from circumstantial evidence . . . and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* An official will not escape liability if he has "refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist." *Id.* at 843, n.8. Conversely, prison officials may show that they are not liable because they did not know "the underlying facts indicating a sufficiently substantial danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." *Id.* at 844.

An Eighth Amendment deliberate indifference claim based on allegations that an official's comments about an inmate could cause danger from other inmates, may be rejected if other inmates have not actually taken retaliatory steps against the labeled inmate. *Morgan v. MacDonald*, 41 F.3d 1291, 1293-94 (9th Cir. 1994).

In this case, plaintiff claims that defendant Allen violated plaintiff's Eighth Amendment rights when he called plaintiff a snitch and a rat in front of other inmates (#10, p. 4). To prevail on a motion for summary judgment, plaintiff is required to submit evidence which shows that no genuine issue of material fact remains as to whether defendant Allen made this comment in front of other inmates, that defendant Allen knew of and disregarded a serious risk to plaintiff's safety, and that other inmates actually took retaliatory steps against plaintiff.

Plaintiff has not presented evidence to sustain a claim of deliberate indifference against defendant Allen.[6] Plaintiff solely makes factual allegations in his motion and attaches copies of grievances and inmate request forms which he filed regarding this claim. The documents he attaches show only that he complained to NDOC about the allegations in count I. Plaintiff has not demonstrated that defendant Allen made these statements in deliberate indifference to plaintiff's

---

[6] Plaintiff states that he attaches evidence that defendant Allen "has a history of this kind of behavior and has done this to another inmate" (#90, p. 2). However, an allegation about an incident between defendant Allen and another inmate does not affect the court's analysis in this case.

5

safety or that inmates actually took retaliatory steps against plaintiff.[7] *See Morgan*, 41 F.3d at 1293-94.

Plaintiff bears the burden to inform the court of the basis for his motion and to submit evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Plaintiff's conclusory allegations that there are no genuine issues of material fact will not suffice. Plaintiff has not met his burden in proving that no triable issues of material fact exist as to his Eighth Amendment claim against defendant Allen.[8] A reasonable jury could find that defendant Allen did not act with deliberate indifference to plaintiff's safety. Accordingly, plaintiff's motion for summary judgment on this issue should be denied.

### 2. First Amendment Retaliation

"A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Of fundamental import to prisoners are their First Amendment 'rights to file prison grievances...'" *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) (quoting *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003)). "Because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.* "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmates exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68.

---

[7] Plaintiff states in his reply that another inmate attacked him while he was in protective custody (#141, p. 1). This statement alone is not sufficient to prove that other inmates actually took retaliatory steps against plaintiff as a result of defendant Allen's statement. The court only considers the facts alleged in plaintiff's complaint. *See* Fed.R.Civ.P. 15.

[8] Because plaintiff has not met his burden, defendants are not required to set forth specific facts showing that there exists a genuine issue for trial.

Here, plaintiff claims that defendant Allen called him a snitch and rat in retaliation against plaintiff because plaintiff "wrote him up" for another incident (#10, p. 4). As the court previously discussed, plaintiff bears the burden of informing the court of the basis for his motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Plaintiff has not presented evidence to sustain a claim of retaliation against defendant Allen. Plaintiff solely alleges in his motion that defendant Allen retaliated against him and attaches relevant grievance forms (#90, p. 1). Allegations are not sufficient evidence to prevail on a motion for summary judgment. Plaintiff does not provide evidence demonstrating that defendant Allen made these statements because of plaintiff's protected conduct and that such action actually chilled plaintiff's exercise of his First Amendment rights.[9] Plaintiff's conclusory allegations that there are no genuine issues of material fact will not suffice. Plaintiff's motion for summary judgment on this issue should be denied.

### III. PRELIMINARY INJUNCTIVE RELIEF

In his motion for summary judgment, plaintiff also requests that the court grant him preliminary injunctive relief enjoining ESP officials from retaliating against plaintiff (#90, p. 4).[10]

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688-90 (2008) (citations and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The instant motion requires that the court determine whether plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

---

[9] Because plaintiff has not met his burden, defendants are not required to set forth specific facts showing that there exists a genuine issue for trial.

[10] Plaintiff has filed several motions for injunctive relief (#16, #65, #133) which the court denied (#21, #119, #122).

7

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 622 F.3d. 1045, 1049-50 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 622 F.3d. at 1049. In light of the *Winter* decision, however, the Ninth Circuit has indicated, "[t]o the extent our cases have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking Assocs. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). Accordingly, plaintiff is required to make a showing on all four of the preliminary injunction requirements.

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, Section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Plaintiff asks the court for injunctive relief from conduct which is unrelated to the present lawsuit. The Supreme Court has held that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325

U.S. 212, 220 (1945). A court may not issue an injunction in "a matter lying wholly outside the issues in the suit." *Id.* A court need not consider claims that were not raised in the complaint. *McMichael v. Napa County*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983). Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint. Plaintiff's pending lawsuit includes an Eighth Amendment claim of deliberate indifference and a First Amendment claim of retaliation against defendant Allen. In his motion for injunctive relief, plaintiff asks the court to enjoin "harassment and abuse" occurring at ESP.[11] However, his remaining claims are against defendant Allen, a correctional officer at LCC (#10). The court recommends that plaintiff's request for preliminary injunctive relief (#90) be denied because the allegations in his motion are not related to the allegations in plaintiff's present lawsuit and involve individuals who are not defendants in the present lawsuit.[12]

## IV. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not met his burden of proving that there are no genuine issues of material fact for trial. The court recommends that plaintiff's motion for summary judgment and request for preliminary injunctive relief (#90) be **DENIED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the

---

[11] Plaintiff also requests a housing transfer; however, the court already denied this request (#119, #123). The court warns plaintiff that the District Court rules do not allow parties to file redundant documents. Plaintiff is advised that future duplicative filings will be stricken *sua sponte* from the record.

[12] Due to these procedural deficiencies, the court will not undertake a full analysis of plaintiff's request for injunctive relief.

9

District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's summary judgment motion and request for preliminary injunctive relief (#90) be **DENIED**.

**DATED:** April 11, 2012

*/s/ Valerie P. Cooke*
UNITED STATES MAGISTRATE JUDGE